**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| **MIKE MOSS**, Special Administrator of the Estate of Mabel Moss, Deceased, and **I.D. TRIPP**, Special Administrator of the Estate of Glenn Tripp, Deceased, | )<br>)<br>)<br>) |
| Plaintiffs, | ) |
| vs. | ) **CIVIL NO. 08-436-GPM** |
| **UNION PACIFIC RAILROAD COMPANY**, | ) |
| Defendant. | ) |

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

Plaintiffs filed this wrongful death action in state court, and Defendant removed it under this Court's diversity jurisdiction. Defendant then filed an answer with affirmative defenses and a counterclaim against Plaintiff Tripp. Plaintiffs filed motions to strike the affirmative defenses, and Defendant opposes the motions. Plaintiff's motions and Defendant's responses are before the Court.

### FACTUAL BACKGROUND

Mabel Moss was a passenger in a vehicle driven by Glenn Tripp on May 17, 2006, when a Union Pacific train struck the vehicle as it was crossing railroad tracks on Eagle Point Bay road, east of Route 37. Both Moss and Tripp died in the collision.

Plaintiffs' complaint alleges that Defendant had a duty to exercise due care in maintenance of railroad tracks, selection of crossing, maintenance of property and warning devices, and requiring

trains to operate in a safe and reasonable manner. Plaintiffs maintain that Defendant violated its duty because: the train was operating too fast; the train did not decrease speed as it approached the crossing or failed to decrease speed to avoid colliding with Tripp's vehicle; it negligently maintained property around the crossing, failing to properly cut grass and weeds, affecting ability of drivers to see oncoming trains; and/or it negligently maintained signal lights, as the lights facing in the direction of Tripp's vehicle were not illuminated and did not warn of an oncoming train.

Defendant filed a counterclaim for indemnification/contribution from Tripp in case of any award to Moss and claims negligence against Tripp. Defendant asserts five affirmative defenses: (1) contributory negligence by Tripp – "Pursuant to Section 2-613 of the Code of Civil Procedure;" (2) Plaintiff failed to keep proper lookout; (3) Plaintiff failed to yield right-of-way to train; (4) Plaintiff failed to comply with the signal device; and (5) Plaintiff's allegations are preempted by federal law (Doc. 5). Defenses two, three, and four appear to be subsections of the contributory negligence alleged in affirmative defense (1).

Plaintiffs move to strike Defendant's affirmative defenses under Federal Rule of Civil Procedure 12(f) as insufficient. Specifically, Plaintiffs claim that they should be stricken because Defendant's affirmative defenses were filed pursuant to section 2-613 of the Illinois Code of Civil Procedure. They argue that because this Court is sitting in diversity, the Federal Rules of Civil Procedure would govern under the well-known *Erie* doctrine, making Defendant's defenses under Illinois law insufficient.

Defendant responds that only its first affirmative defense references the Illinois Code of Civil Procedure, so Plaintiffs' argument is inapplicable to affirmative defenses two through five. Defendant further responds that the substance of its first affirmative defense, contributory

negligence, is a substantive issue under the *Erie* doctrine to which state, not federal, law applies, so that affirmative defense is properly and sufficiently pleaded.

## ANALYSIS

The Court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." FED. R. CIV. P. 12(f). As a general rule, motions to strike are disfavored. *Heller Financial Inc., v. Midwhey Powder Co., Inc.,* 883 F.2d 1286, 1294 (7th Cir. 1989). The standard for success is narrow in order to "provide a party the opportunity to prove his allegations if there is a possibility that his defense or defenses may succeed after a full hearing on the merits." *United States v. 416.81 Acres of Land,* 514 F.2d 627, 631 (7th Cir. 1975). Motions to strike a defense as insufficient are not favored by the courts because of their potential as dilatory tactics. *Id.* However, while "motions to strike potentially serve only to dely, where they serve to "remove unnecessary clutter from the case, they serve to expedite, not delay." *Heller*, 883 F.2d at 1294. Motions to strike "are not favored and will not be granted unless it appears to a certainty that plaintiffs would succeed despite any state of the facts which could be proved in support of the defense and are inferable from the pleadings." *Williams v. Jader Fuel Co.,* 944 F.2d 1388, 1400 (7th Cir. 1991) (internal quotations omitted). If substantial questions of fact or law are presented by an affirmative defense, it cannot be stricken. *416.81 Acres of Land,* 514 F.2d at 631. "In a diversity case, the legal and factual sufficiency of an affirmative defense is examined with reference to state law." *Williams,* 944 F.2d at 1400. A motion to strike should not be granted if "the insufficiency of the defense is not clearly apparent on the face of the pleading, nor can reasonably be inferred from any state of facts in the pleadings." *416.81 Acres of Land,* 514 F.2d at 631.

Defendant's affirmative defenses are not clearly insufficient on their face, and therefore,

Plaintiffs' motions to strike are denied. The Illinois Code of Civil Procedure Section 2-613(d) governs the pleading of affirmative defenses in general including "any defense which by other affirmative matter seeks to avoid the legal effect of or defeat the cause of action set forth." ILL. CODE CIV. PRO. 2-613(d). The reference to Illinois pleading procedure is inconsequential to the substantive law pleaded in this Court by Defendant's affirmative defenses. The affirmative defenses of contributory negligence (one through four) are in fact governed by Illinois law, as explained in more detail below. Whether Plaintiffs' state law claims are preempted by federal law, commonly known as conflict preemption, is a question governed by federal law.

The Supreme Court has "consistently held that under the present statutory scheme the definition of causation and the availability of the defenses of assumption of risk *and contributory negligence* are left to state law." *Crane v. Cedar Rapids & I.C. Ry. Co.*, 395 U.S. 164, 167 (1969) (emphasis added). "Illinois conflicts principles require the court to select the law of the jurisdiction that has the most significant relationship to the events out of which the suit arose, and to the parties. In the case of a tort suit, this analysis usually points to the jurisdiction in which the conduct giving rise to the suit occurred, for a state regulates the safety of the activities that are carried on within its borders. (That was the insight behind the old torts conflict rule of *lex loci delicti,* still the default rule in tort cases)." *Carris v. Marriott Intern., Inc.,* 466 F.3d 558, 560 (7th Cir. 2006) (internal citations omitted). Defendant cites the Eighth Circuit's decision in *Potts v. Benjamin,* which stated that under *Erie*: "A statute modifying the content of state tort law doctrines of contributory and comparative negligence seems to us to be a classic example of the type of substantive rule of law binding upon a federal court in a diversity case." 882 F.2d 1320, 1324 (8th Cir. 1989).

Of course, Defendant's affirmative defenses should not have been pleaded under the Illinois

Code of Civil Procedure. But this error does not warrant striking them under Federal Rule of Civil Procedure 12(f). The defenses asserted therein are legally sufficient, and the citation error is not cause to delay these proceedings.

## CONCLUSION

For the foregoing reasons, Plaintiffs' motions to strike Defendant's affirmative defenses (Docs. 8, 9) are **DENIED**.

**IT IS SO ORDERED.**

DATED: 08/04/08

s/ G. Patrick Murphy
G. Patrick Murphy
United States District Judge
